UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-CR-107-KAC-JEM |
| ) | |
| DAPHNE ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant appeared before the undersigned on February 24, February 28, and March 4, 2022, for hearings on the Petition for Action on Conditions of Pretrial Release [Doc. 110], which was filed on February 9, 2022. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Forrest L. Wallace represented Defendant, who was also present. The Government moved to revoke Defendant's pretrial release, contending that she had violated numerous conditions of her release. Defendant asked to be released on her prior conditions as well as an added condition that she be required to undertake intensive substance abuse and mental health treatment.

By way of background, Defendant appeared for an Initial Appearance on an Indictment [Doc. 3] on August 23, 2021, before United States Magistrate Judge H. Bruce Guyton. The Government did not seek detention at Defendant's Initial Appearance,[1] and Judge Guyton permitted Defendant to stay on pretrial release pursuant to an Order Setting Conditions of Release [Doc. 13]. The conditions included, among other things, that Defendant: not use or unlawfully

---

[1] It appears from the Government's statements at the February 28 hearing that it did not initially seek detention because Defendant—were she to be convicted—may be eligible for the "Safety Valve" due to the facts and circumstances of this case. *See* 18 U.S.C. § 3553(f).

possess a narcotic drug or other controlled substances unless prescribed by a licensed medical provider ("Condition 10"), submit to substance abuse testing if required and not tamper with the efficiency and accuracy of substance abuse screening or testing ("Condition 11"), truthfully answer all inquiries from Defendant's supervision probation officer ("Condition 14), and comply with all instructions from Defendant's supervising probation officer ("Condition 15") [*Id.* at 2].

Defendant appeared on the Petition for Action on Conditions of Supervised Release ("Petition") [Doc. 110] on February 24, 2022 [Doc. 116]. At that time, the Government requested revocation of the conditions of release and detention of Defendant [*Id.*]. Defendant's counsel requested a revocation hearing and a continuance through February 28, 2022 [*Id.*]. In light of that continuance, the Court set the matter for a hearing on February 28 [*Id.*]. At the conclusion of the February 28 hearing, the Court allowed Defendant an opportunity to submit additional information about a proposed treatment plan for her mental health and substance abuse issues and asked the United States Probation Office to confirm Defendant's previously-scheduled treatment [Doc. 117]. The Court held an additional hearing on March 4, 2022, to address information submitted by Defendant related to her plan for treatment [Doc. 119].

I. **INFORMATION PRESENTED AND POSITIONS OF THE PARTIES**

At the February 28 hearing, United States Probation Officer Shauna McCullough-Walker ("Officer McCullough-Walker"), Defendant's supervising probation officer, testified that, at Defendant's virtual intake appointment conducted on September 10, 2021, the Probation Office provided Defendant information for the Helen Ross McNabb Center and instructed Defendant to obtain a drug and alcohol assessment pursuant to her release conditions. Officer McCullough-Walker reminded Defendant to obtain the assessment on October 7, 2021, and on November 8, 2021, Defendant informed Officer McCullough-Walker that she had made several unsuccessful

2

attempts to schedule the assessment. In response, Officer McCullough-Walker stated that she instructed Defendant to call daily until she was able to schedule a drug and alcohol assessment. Officer McCullough-Walker related that Defendant did undergo a drug and alcohol assessment, but not until January 14, 2022, approximately four months later. As a result, Defendant scheduled a mental health appointment for March 22, 2022.

Officer McCullough-Walker also testified about Defendant's drug screens while on pretrial release. On October 7, 2021, Defendant tested presumptively positive for cocaine. Officer McCullough-Walker related that Defendant admitted having drank a coworker's energy drink that may have contained cocaine. On October 19, 2021, Defendant failed to report to the vendor for a random drug screen.

The next month, on November 8, 2021, Defendant tested presumptively positive for marijuana. Officer McCullough-Walker related that Defendant had informed her that her positive test for marijuana may have been due to Defendant's use of an over-the-counter CBD cream; however, Officer McCullough-Walker stated it was her understanding that Defendant's CBD cream would not have led to the positive drug screen results.

Officer McCullough-Walker related that Defendant was supposed to have a random drug screen on December 13, 2021, but Defendant had indicated she had been exposed to COVID-19. Officer McCullough-Walker therefore instructed Defendant to not report to the vendor for the drug screen test and to get a COVID-19 test. Officer McCullough-Walker stated that Defendant tested presumptively positive for marijuana on December 21, 2021. Defendant denied using marijuana to the vendor and the sample was sent to the lab for confirmation. The sample was confirmed to be positive for marijuana and diluted. Officer McCullough-Walker contacted Defendant on January 3, 2022, to discuss these results. Officer McCullough-Walker stated that Defendant

initially denied using any illegal substances, but eventually admitted to using marijuana once with family members on December 10, 2021, and again on December 13, 2021. Defendant denied attempting to dilute her drug screen.

Later in January 2022, Officer McCullough-Walker testified that Defendant failed to report to a drug screen test on January 13, 2022, and on January 24, Defendant reported for a random drug screen test, but the sample appeared to be diluted. The sample was sent to the lab for further testing where it was confirmed to be diluted. Defendant denied attempting to dilute her drug screens and claimed to be on a liquid diet requiring her to drink eight 16oz bottles of water a day.

On February 22, 2022, Defendant tested presumptively positive for cocaine and marijuana with lab results for the marijuana result still pending. Defendant indicated that she had started a new medication that may have caused the positive drug screen results. Defendant indicated that her doctor told her the new medication may cause positive drug screen results for cocaine; however, Officer McCullough-Walker testified that she was unfamiliar with any prescription medications that could have led to a positive cocaine result.

Based upon the testimony of Officer McCullough-Walker, the Government argued that there are at least eight separate violations of Defendant's release conditions, and Defendant has displayed a pattern of willful deception. The Government asserts that Defendant has failed to rebut the presumption in favor of detention in this case. The Government further argued that no condition or combination of conditions exist that would reasonably assure Defendant's appearance as required or the safety of the community were she to be released.

On behalf of Defendant, Mr. Wallace asked for Defendant to remain on pretrial release so that she may pursue mental health and substance abuse treatment as an addition to her release conditions. Mr. Wallace stated that Defendant does not dispute the circumstances surrounding the

4

Petition; however, it is apparent that Defendant needs both mental health and substance abuse treatment. Mr. Wallace informed the Court that Defendant has a long history of mental health issues, including depression, anxiety, and panic attacks. Defendant was prescribed Lexapro for her mental health issues in her twenties, but she experienced side effects that resulted in her discontinuing that medication. Defendant was briefly treated for her mental health issues in a clinical setting but has largely self-medicated with marijuana for many years. Mr. Wallace also stated that the Petition and hearing testimony evidence that Defendant has a substance abuse issue, and her mental health issues continue to be exacerbated by the ongoing criminal proceedings she faces. In addition, the criminal proceedings have involved her family members, which has only increased her anxiety. Mr. Wallace noted that Defendant has sustained her employment and is seen as the "bread winner" in her family.

At the conclusion of the February 28 hearing, the Court asked the Probation Officer to confirm Defendant's March 22 appointment and allowed Mr. Wallace an opportunity to provide additional information about Defendant's treatment plan for mental health and substance abuse treatment. Two days later, Mr. Wallace submitted confirmation that Defendant had been accepted into the New Hope Healthcare Institute in Knoxville, Tennessee.

## II.     ANALYSIS

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release[2] or clear and convincing evidence that the defendant

---

[2] If the Court finds probable cause to believe that the defendant has committed a felony while on pretrial release, "a rebuttable presumption arises that no condition or combination of

5

has violated any other condition of release and the Court also finds "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

The Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether Defendant violated the terms of her pretrial release and, if a violation has occurred, whether her conditions of release should be revoked or modified.

Based upon the Government's proffer of Officer McCullough-Walker's testimony, the Court finds clear and convincing evidence that Defendant has violated the conditions of her release. Specifically, Defendant tested presumptively positive for illegal substances on at least four occasions and missed at least two drug screen tests. She admitted to using marijuana and to drinking a co-worker's energy drink that may have contained cocaine. In addition, it appears that Defendant's drug screen samples may have been diluted at least two times. Thus, it appears by clear and convincing that Defendant has violated at least Conditions 10 and 11 of her Conditions of Pretrial Release.[3]

Having found by clear and convincing evidence that Defendant has violated the conditions of release, the Court must next consider whether any condition or combination of conditions exist that will assure that Defendant will not flee or pose a danger to the safety of the community. The Government asserts it is entitled to a rebuttable presumption "that no condition or combination of

---

conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

[3] While the Court does not find clear and convincing evidence to support untruthfulness of Defendant, it appears that Defendant has not been fully truthful with her Probation Officer and it took months for her to comply with the Probation Officer's direction to obtain a drug and alcohol assessment.

conditions will reasonably assure the appearance of the person as required and the safety of the community" because the crime charged is a narcotics offense with a maximum penalty of at least ten years. 18 U.S.C. § 3142(e)(3). Defendant is charged in an Indictment [Doc. 3] with the conspiracy to distribute & possession with intent to distribute a quantity of a mixture and substance containing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), & 846, which provides probable cause to believe that Defendant has committed an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("[W]hen the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention."); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (holding that the indictment establishes probable cause for purposes of the rebuttable presumption). The presumption therefore applies.

This presumption places the burden of production with Defendant, while the Government retains the burden of persuasion. *Stone*, 608 F.3d at 945. To satisfy her burden of production, Defendant must present at least some evidence that she is not a danger or a flight risk. *Id.* While this "burden of production is not heavy, [the defendant] must introduce at least some evidence." *Id.* (internal citation omitted); *see also United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *2 (6th Cir. July 20, 2020) (quoting *Stone* for same). The Court finds that Defendant has met her burden of production here, as evidenced by her minimal criminal history, ability to maintain her employment, her personal ties to this district, and her willingness and ability to pursue mental health and substance abuse treatment. Even so, the Court must continue to weigh the presumption that detention is appropriate along with the other factors. "[T]he presumption reflects Congress's

7

substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

The Court finds that there is a combination of conditions that would reasonably assure the safety of the community and Defendant's appearance at trial. The factors to be considered in determining whether any such conditions exist include:

> (1) the nature and circumstances of the offense charged . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person . . . ; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As to the nature and circumstances of the offense charged, the Court acknowledges that this is a serious drug trafficking charge and carries a presumption in favor of detention. Even if Defendant has rebutted the applicable presumption for these charges, the presumption remains nonetheless. "The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, 'courts would be giving too little deference to Congress' findings regarding this class.'" *United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) (citing *United States v. Martir*, 782 F.2d 1141, 1144 (2d. Cir. 1986)). Therefore, the Court finds that the nature and circumstances of the instant offense weigh in favor of detention.

Second, the weight of the evidence of Defendant's dangerousness weighs in favor of detention. 18 U.S.C. § 3142(g)(2). In *Stone*, the Sixth Circuit clarified that the weight of the evidence against the defendant "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." 608 F.3d at 948. The Sixth Circuit "routinely

8

affirms, on dangerousness grounds, the pretrial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id.* at 947 n.6 (6th Cir. 2010); *see also id.* ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.").

Next, the Court must consider a host of factors in regard to the history and characteristics of the Defendant. 18 U.S.C. § 3142(g)(3)(A). Defendant is a high school graduate, and she went on to earn an associate's degree from Virginia College in Knoxville, Tennessee in 2014. Defendant is native of East Tennessee and has strong family ties to the area. Before being detained pending the revocation and detention hearing, Defendant resided with her mother, uncle, and nephew in Newport, Tennessee, and she plans to return there if released. Defendant has stated she is the "bread winner" of the family. She has considerable employment history, and the Court notes she has been able to maintain employment while on pretrial release and assurances have been presented to the Court that she will be able to retain her employment were she to be released. Defendant has reported that she suffers from mental health and substance abuse issues, for which she would like to receive treatment. Defendant's criminal history is minimal, as she only has two 2013 charges for assault and hindering secured creditors with unknown dispositions. The Court has considered the criminal history, but notes that Defendant has no convictions, and the charges discussed above occurred nearly ten years ago.[4] Considering all these factors, Defendant's history and characteristics support release.

Finally, under the pertinent part of 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the

---

[4] In considering Defendant's criminal history, the Court may consider both actual convictions and mere arrests or charges to assess the Defendant's dangerousness, though the latter will typically weigh less heavily in favor of detention. *United States v. Tolbert*, Nos. 3:09CR56 & 3:10CR30, 2017 WL 6003075, at *5 (E.D. Tenn. Dec. 4, 2017) (citations omitted).

9

person's release." The Court notes the seriousness of the charges here and acknowledges that Defendant's conduct while on pretrial release causes concern, especially considering that Defendant appears to have been deceptive with probation. Yet, Defendant has maintained steady employment while on pretrial release, and while it has taken some time to accomplish, she has secured participation—and shown a willingness to participate—in needed substance abuse and mental health treatment. While this factor is a close call, the Court finds that this factor weighs in favor of release as well.

After considering the factors above, the Court does not find that there are no conditions that will permit the Defendant to appear as required or protect the safety of the community, nor does the Court find that the Defendant will not abide by any conditions. Instead, the Court observes that Defendant has acknowledged and demonstrated a need for substance abuse and mental health treatment, Defendant has secured such treatment, albeit with some delay, and Defendant has demonstrated a willingness to participate in such treatment. Given that her substance abuse and mental health issues appear to be the root of her previous violations of conditions of release, the Court finds that Defendant's participation in substance abuse and mental health treatment, in combination with her previous release conditions, will be sufficient to reasonably assure Defendant's appearance as required and to protect the safety of the community.

Accordingly, the Court will give Defendant one more chance to abide by her conditions of release until her trial in this case, including the new condition that she attend mental health and substance abuse treatment at New Hope Healthcare Institute and abide by all program requirements. The Court will remain in close contact with Defendant's supervising probation officer to ensure that she continues to comply with her treatment requirements and the other requirements set forth in the Amended Order Setting Conditions of Release [Doc. 121]. If

Defendant violates these or any other conditions of her release, the Court will know that she is unable to abide by the conditions set by the Court.

### III. CONCLUSION

The Government's motion that the Court revoke Defendant's release is **DENIED**, and Defendant's release shall continue under the Amended Order Setting Conditions of Release [Doc. 121].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge